**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1023**

———————————

DAVID BRYTE, Personal Representative of the
Estate of Lova E. Bryte, deceased; DAVID
BRYTE; KATHY B. SMITH; JAMES B. SMITH; M. E.
SMITH, a minor, by and through her legal
guardian, Kathy B. Smith; DONNA J. MILLER,

                                        Plaintiffs,

        and

TERI B. ADAMS, Personal Representative of the
Estate of Loring E. Medford, deceased; DANA L.
DEMPEWOLF; VICKI J. BARNES; DOUGLAS J. HANSON;
MEDFORD FARMS, INCORPORATED; FARM BUREAU; B.
DAWN MCCARVER HILDEBRAND, individually and
daughter, next of kin, and administrator ad
litem of the Estate of Louis E. McCarver,
deceased; GEORGE S. MCCARVER, individually;
REXFORD AGIN; SUSAN AGIN; DANIEL AGIN; BOBBY
COOK, individually and as Personal
Representative of the Estate of Cathy Lynn
Cook, deceased; KASSANDRA FOGLE; LUDIVINA OCO,
individually and as guardian ad litem for S.
Oco; GEORGE PERRY; MARGARET PERRY, as guardian
and next friend of M. Perry, an infant;
COLLEEN STURDY WALLACE; RONALD STURDY; WILCO
INVESTMENT & CONSULTING, LIMITED; SARAH J.
AFFELDT; JEANNE MAUS, d/b/a Maus Rental
Properties; MIDWEST FAMILY MUTUAL INSURANCE
COMPANY; THOMAS E. DAUGHERTY; LINDA DAUGHERTY;
RYAN E. DAUGHERTY; GUY M. HOLWIG, deceased, by
and through personal representative of his
estate, Gretchen A. Holwig; GRETCHEN A.
HOLWIG, individually; WILLIAM M. HOLWIG,
individually; CHRISTINE C. POTVIN,
individually and as guardian of M. E. Potvin,
J. C. Potvin, and W. G. Holwig, minors;
CITIZENS INSURANCE COMPANY OF AMERICA, as
subrogee of Guy M. Holwig and Gretchen A.

Holwig; TSUNG-MI LI; HSIU-LIN LI; EARL PESTERFIELD, JR.; VICTORIA VUKONICH; TERESA WILLIAMS; HANK WILLIAMS, individually and as the natural parents of and as foster parents and next friends of J. H. M. Gullette (now T. M. Williams), M. S. Evans, J. L. Trahan, H. S. Williams, J. S. Williams and B. D. Williams; MARY ELLEN CARSELLI-KALIA, individually and as Executrix of the Estate of Narandra N. Kalia; SHIRLEY JENNINGS, for and on behalf of herself and surviving spouse of Robert Wayne Jennings, deceased, and Claude H. Jennings, Coral L. Jennings, and Robert W. Jennings, Jr., surviving children of Robert Wayne Jennings; BOBBY G. MCKINNEY; PAM MCKINNEY, individually and as parents and next friends of L. Hurst, J. Hurst and B. McKinney; MARCELLA MOORE; DALE SWAN; NANCY TOWNSEND; JAMES TOWNSEND,

                                    Intervenors - Appellants,

        versus

SUNBEAM PRODUCTS, INCORPORATED; AMERICAN HOUSEHOLD, INCORPORATED, formerly known as Sunbeam Corporation,

                                    Defendants - Appellees,

        and

SEARS ROEBUCK AND COMPANY,

                                    Defendant.

-----

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, Senior District Judge, sitting by designation. (CA-00-93-2)

-----

Argued: October 26, 2004          Decided: December 16, 2004

-----

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

-----

-2-

Affirmed as modified by unpublished per curiam opinion.

––––––––––––––––––

**ARGUED:** William J. Hansen, MCDERMOTT, HANSEN & MCLAUGHLIN, Denver, Colorado, for Appellants.  John Howard Williams, Jr., ECKERT, SEAMANS, CHERIN & MELLOTT, Pittsburgh, Pennsylvania, for Appellees.
**ON BRIEF:** George E. McLaughlin, MCDERMOTT, HANSEN & MCLAUGHLIN, Denver, Colorado, for Appellants.  John E. Hall, ECKERT, SEAMANS, CHERIN & MELLOTT, Morgantown, West Virginia, for Appellees.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The David Bryte plaintiffs commenced this products liability action against Sunbeam Products, Inc. and American Household, Inc. (formerly Sunbeam Corporation) (the "Sunbeam defendants") to recover damages resulting from a house fire caused by an allegedly defective Sunbeam brand "electrically-heated throw." Counsel for the Bryte plaintiffs are also counsel for plaintiffs in numerous other similar actions across the country, alleging that the Sunbeam brand electric throws and other similar products distributed between 1983 and 2000 were defective.

During the course of discovery, the district court entered three separate protective orders that restricted plaintiffs' use of materials obtained through discovery from the Sunbeam defendants to this action. Because counsel for the plaintiffs in this case also represent plaintiffs in the other similar cases across the country who wish to use the documents discovered in this case in those other actions, the plaintiffs in the other cases filed a motion to intervene under Federal Rule of Civil Procedure 24(b) to modify the protective orders entered in this case. The magistrate judge, to whom this motion was referred, apparently consulted with his counterpart in several cases consolidated in the District of Kansas, describing those conversations for counsel at the hearing on the motion. During the course of the hearing, the magistrate judge then stated:

-4-

> I'm going to modify the language of the [protective] order[s] to permit another jurisdiction's judicial officer to rule that that document may be used in pending litigation in that jurisdiction and that my order is not an impediment to that determination of its admissibility, relevance, use, or protection in that case. . . . I'm not taking the protection away. All I'm doing is saying you can ask another judge to let it be used in that case.

In entering its confirming written order on November 10, 2003, the magistrate judge quoted this statement of intent and then proceeded to grant the motion to intervene and to modify the protective orders. In doing so, however, he treated the motion as one filed only by the plaintiffs in the Kansas cases, without addressing the full scope of the motion as one filed by plaintiffs in cases filed in states other than Kansas. The magistrate judge thus granted the Kansas plaintiffs' motion to intervene and to modify the protective orders to permit discovery to be used in the Kansas cases and did not mention the plaintiffs in other states who also were moving parties.

In the "Final Order" entered on January 12, 2004, the district court "affirmed" the magistrate judge's order granting the motion to intervene without explaining how the motion of the other "non-Kansas plaintiffs" was to be treated, and the non-Kansas would-be intervenors have now appealed.

During oral argument, this court addressed counsel for the Sunbeam defendants to discover whether the omission from the magistrate's November 10 order might be treated as an inadvertent oversight, inquiring, "Would you have an objection to having the

-5-

district judge amend [the order granting intervention to modify the protective orders] to include all the intervenors?" When counsel for the Sunbeam defendants stated, "No," counsel for the appellants indicated that this solved the appellants' problem.[*]

Accordingly, by consent of the parties, we read the magistrate's November 10, 2003 order, affirmed by the district court on January 12, 2004, to include all intervening plaintiffs, not just the Kansas plaintiffs, and, with that amendment, we affirm the district court's ruling on the motion to intervene and to modify the protective orders.

AFFIRMED AS MODIFIED

---

[*]The full exchange was as follows:

The Court:     Would you have an objection to having the district judge amend [the order] to include all the intervenors?

Mr. Williams [for the appellees Sunbeam defendants]: No sir, no sir. I want to make that really clear. I have no problem with that.

The Court:     Okay. We will address it that way, by consent.

Mr. Williams: Okay.

The Court:     All right, Mr. Hansen. Does that solve your problem?

Mr. Hansen [for the appellants]:  Yeah.

The Court:     Thank you. We will come down and greet counsel.

-6-